United States District Court
Southern District of Texas
**ENTERED**
March 04, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN T. PATRICK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-459 |
| | § | |
| LANNETTE  LINTHICUM, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff John T. Patrick is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.  For purposes of screening, Plaintiff has stated a claim of deliberate indifference against **SENIOR PRACTICE MANAGER TANYA LAWSON** in her individual capacity for monetary relief and in her official capacity for injunctive relief.  Accordingly, it is respectfully recommended that this claim against her be **RETAINED.**  The undersigned will order service on this defendant.

The undersigned further recommends that Plaintiff's claims for money damages against all Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment.  Lastly, the undersigned recommends that Plaintiff's claims against the remaining defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.

1 / 12

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  He is currently serving a thirty-year sentence for an aggravated robbery conviction entered on July 27, 2016 in Harris County, Texas.  Plaintiff's claims in this lawsuit occurred in connection with Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.

On October 4, 2018, Plaintiff filed his original complaint against the following officials: (1) Dr. Lannette Linthicum; Director Health Services Division; (2) Tanya Lawson, Senior Practice Manager at the McConnell Unit; (3) Jose Chapa, Registered Nurse (RN) at the McConnell Unit; and (4) Rosa Martinez, CCA[1] at the McConnell Unit.  Plaintiff alleges that his prescription eyeglasses were taken from him and that Defendants acted with deliberate indifference to his serious medical needs by not allowing him to obtain either replacement prescription eyeglasses or appropriate medical assistance to ascertain his vision impairment issues.  Plaintiff seeks monetary and injunctive relief.

A *Spears*[2] hearing was conducted on January 29, 2019.   The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint

---

[1] Plaintiff has provided no information to clarify what the title "CCA" means.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

(D.E. 1):  Plaintiff arrived at the McConnell Unit on March 28, 2018.  On or about April 24, 2018, Officer M. Salazar entered Plaintiff's cell and confiscated Plaintiff's jacket while Plaintiff was working and not present in the cell.  Plaintiff's prescription eyeglasses were inside the jacket.

Plaintiff's prescription eyeglasses are bifocals which he uses for reading.  Plaintiff testified that he cannot see without his prescription eyeglasses or otherwise do anything without them.  Plaintiff currently wears two "readers" at the same time for reading purposes.  Plaintiff never received his prescription eyeglasses back despite making informal attempts through I-60 requests.

Each defendant was aware of Plaintiff's vision difficulties without his prescription eyeglasses.  In order to get a new prescription for his "severely bad" vision, Plaintiff wrote the medical department on three occasions, April 30, 2018, May 21, 2018, and August 17, 2018.  Defendants Martinez and Chapa responded to Plaintiff's written correspondence, informing Plaintiff that he could only obtain glasses once every two years unless he paid for them.  These defendants refused to charge Plaintiff's account so that he could pay for new eyeglasses.

Plaintiff filed a Step 1 grievance, dated June 6, 2018, seeking prescription eyeglasses for his chronic vision condition.  (D.E. 1, pp. 7-8). This grievance was rejected based on Plaintiff's failure to consult Senior Practice Manager Lawson for informal resolution.  Plaintiff alleges he attempted to resolve the matter with Senior Practice Manager Lawson who, according to Plaintiff, proceeded to give Plaintiff the same runaround as Defendants Martinez and Chapa.   Senior Practice Manager Lawson, who is the decision maker

responsible for medical issues at the McConnell Unit, informed Plaintiff that he could not get prescription eyeglasses unless he paid for them.  Plaintiff indicated, however, that he was willing to pay for new eyeglasses.

Plaintiff subsequently filed another Step 1 grievance (Grievance No. 2018157063) on June 29, 2018, complaining about his failure to receive prescription eyeglasses for his chronic vision condition.  (D.E. 1, pp. 11-12).  Plaintiff sought either a new set of glasses or an appointment with optometry for a new examination.  This grievance was rejected by Defendant Lawson.

Plaintiff filed a Step 2 grievance on August 17, 2018.  (D.E. 1, pp. 9-10).  This grievance was denied on the following grounds: (1) Plaintiff failed to successfully document that his glasses were lost in April 2018; (2) Plaintiff must pay for new glasses prior to two years passing since he received his last pair; (3) Plaintiff may submit a sick call request for a Visual Acuity Test (VAT) due to his vision difficulties; and (4) if the VAT shows a significant vision change, Plaintiff may obtain a referral to optometry.  (D.E. 1, p. 10).

On October 30, 2018, after completing the grievance process, Plaintiff wrote Dr. Linthicum about his issues involving the prescription eyeglasses.  Dr. Linthicum responded by referring Plaintiff back to the medical staff that denied him medical assistance for his chronic vision condition.  Plaintiff has neither received a medical lay-in for a VAT nor an appointment with optometry.  Plaintiff testified that his next opportunity to apply for free prescription eyeglasses occurs in April 2019.

III.   **LEGAL STANDARD**

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a

reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the

level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a

whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not

be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those

acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail

on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law

deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C.

§ 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if

he misuses or abuses official power and if there is a nexus between the victim, the improper

conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d

859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.   Eleventh amendment immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against

that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Eleventh Amendment, however, bars claims for money damages against a state or state

agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas

Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for

monetary damages against a state official in his or her official capacity is one against the state itself and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues each Defendant in his or her official capacity for money damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

## B. Deliberate Indifference to Health

### (1) Prescription Eyeglasses

Plaintiff claims that Defendants acted with deliberate indifference to his serious medical needs by refusing to provide him with prescription eyeglasses or otherwise assist him with his vision impairment condition. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation omitted). A prison official violates this duty when by act or omission he is deliberately indifferent to prison conditions which pose a substantial risk of serious harm. *Id.* at 834.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference requires that prison officials both be aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. *Farmer*, 511 U.S. at 837. In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

The denial of eyeglasses by prison officials can, under some circumstances, cause serious harm to a prisoner and constitute an Eighth Amendment violation. *See Newman v. Alabama*, 503 F.2d 1320, 1331 (5th Cir. 1974). *See also Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d. Cir. 1996) (holding that the denial of prescription eyeglasses to an inmate suffering double vision and loss of depth perception due to head injury may constitute deliberate indifference); *Avila v. Landgrebe*, No. H-12-2315, 2013 WL 1336586, at *6 (S.D. Tex. Mar. 29, 2013) ("Glasses are necessary and must be issued when an inmate is blind and unable to function without them."). The failure to issue eyeglasses, however, does not support a deliberate indifference claim "where there is no showing of substantial harm or that the defendants were subjectively aware of the inmate's need." *Avila*, 2013 WL 1336586, at *6 (citing *Thomas v. Owens*, 345 F. App'x 892, 896 (5th Cir. 2009)).

### (2)  Defendants Lawson, Chapa, and Martinez

Taken as true, Plaintiff's allegations suggest that: (1) his vision impairment without prescription eyeglasses is severe; (2) he has suffered harmed by the denial of any ability to acquire replacement prescription eyeglasses; and (3) Defendants Lawson, Chapa, and Martinez all were aware of Plaintiff's vision impairment without glasses but nevertheless failed to take steps to help Plaintiff acquire a replacement set of prescription eyeglasses. Plaintiff's allegations further indicate that Senior Practice Manager Lawson is the ultimate decision maker at the McConnell Unit as to whether Plaintiff may obtain replacement prescription eyeglasses and that she set the policy at the unit regarding how to obtain replacement eyeglasses.

The actions of Defendants Chapa and Martinez, while allegedly giving Plaintiff the runaround after he filed informal complaints, follow from Senior Practice Manager Lawson's authority as the decision maker regarding the issuance of prescription eyeglasses. As the person responsible for denying Plaintiff the ability to obtain replacement prescription eyeglasses, Senior Practice Manager Lawson also appears to be the best person capable of providing Plaintiff any injunctive relief.   Accordingly, the undersigned respectfully recommends that Senior Practice Manager Lawson be retained in her individual and official capacity with respect to Plaintiff's claim of deliberate indifference and that Defendants Chapa and Martinez be dismissed as to this claim.

### (3)  Dr. Linthicum

Plaintiff also named Dr. Linthicum in her capacity as a supervisor.  It is well established, however, that a prison supervisor cannot be held liable for the misconduct of his

or her subordinates. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins,* 828 F.2d at 303-04. *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part are insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677).

Plaintiff alleges that, after completing the grievance process, Plaintiff wrote Dr. Linthicum about his issues involving the prescription eyeglasses. According to Plaintiff, Dr. Linthicum responded by referring Plaintiff back to the medical staff that is denying him medical assistance for his chronic vision condition. Plaintiff's allegations indicate that Dr. Linthicum only had knowledge of Plaintiff's complaints regarding the denial of medical care through his letter. Dr. Linthicum, however, neither had any personal involvement in the medical decisions regarding Plaintiff's request for replacement prescription eyeglasses nor otherwise personally denied him medical care for his vision impairment. Plaintiff, therefore, has failed to allege a plausible deliberate indifference claim against Defendant Linthicum in her role as a supervisory official. Accordingly, the undersigned respectfully

recommends that Plaintiff's deliberate indifference claim against Dr. Linthicum be dismissed.

## V.   RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state a deliberate indifference claim against **SENIOR PRACTICE MANAGER TANYA LAWSON** in her individual capacity for monetary relief and official capacity for injunctive relief.  Accordingly, it is respectfully recommended that this claim be **RETAINED.**  The undersigned will order service as to **SENIOR PRACTICE MANAGER LAWSON** by separate order.

The undersigned further respectfully recommends that Plaintiff's claims for money damages against all Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment.  Lastly, the undersigned respectfully recommends that Plaintiff's claims against the remaining defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

ORDERED this 4th day of March 2019.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).